IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FERNANDO VARELA,

    Plaintiff,

vs.  No. CIV 23-0046 JB/KBM

BERNALILLO COUNTY DETENTION
CENTER; BOARD OF COUNTY
COMMISONERS and ALBUQUERQUE
POLICE DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Fernando Varela's failure to prosecute his Civil Complaint, filed January 17, 2023 (Doc. 1)("Complaint"). The Honorable Karen Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Varela to provide a six-month inmate account statement, as 28 U.S.C. § 1915(a)(2) requires. See Order to Cure Deficiency, filed January 23, 2023 (Doc. 3) ("Cure Order"). Because Varela has not complied with the Cure Order, and subsequently severed contact with the Court, the Court will dismiss the Complaint without prejudice.

## BACKGROUND

Varela commenced this case while detained at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. See Complaint ¶¶ 1-2, at 1. Construed liberally, the Complaint asserts claims for cruel-and-unusual punishment and excessive force. See Complaint ¶¶ 4-5, at 1-2. After filing the Complaint, Varela filed his Application for Free Process and Affidavit of Indigency, filed January 17, 2023 (Doc. 2)("IFP Application"). Varela did not attach to the IFP Application "a certified copy of the trust fund account statement (or institutional equivalent) for

the prisoner for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(a)(2). Section 1915(a)(2) requires the six-month account statement in all cases where, as here, "[a] prisoner seek[s] to bring a civil action . . . without prepayment of fees or security therefor . . . ." 28 U.S.C. § 1915(a)(2).

The Court referred the matter to Magistrate Judge Molzen for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed February 13, 2023 (Doc. 6). Magistrate Judge Molzen directed Varela to submit "a copy of his account statement reflecting transactions between July 17, 2022 and January 17, 2023" within thirty days of entry of the Cure Order. Cure Order at 1. The Cure Order warned that the failure to comply timely with the Cure Order will result in dismissal of this case without further notice. See Cure Order at 1.

The deadline for Varela to file a six-month inmate account statement was February 22, 2023. See Cure Order at 1. Varela did not comply with or respond to the Cure Order, and the United States Postal Service ("USPS") returned the Cure Order as undeliverable. See Returned Envelope, filed February 3, 2023 (Doc. 5). The USPS also returned as undeliverable several other mailings to Varela, and indicates that he is "Not in Custody" at MDC. See Returned Envelope, filed January 27, 2023 (Doc. 4); Returned Envelope, filed February 27, 2023 (Doc. 7). Varela has severed contact with the Court and has not advised the Clerk of the Court of his new address, as rule 83.6 of the Local Civil Rules of the United States District Court for the District of New Mexico requires. See D.N.M.LR-Civ. 83.6. Rule 83.6 provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses." D.N.M.LR-Civ. 83.6. The Court therefore will consider whether to dismiss this

matter for lack of prosecution and for failure to comply with Court rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules" (quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)(citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it

must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162.

> Specifically, "[t]hese criteria include: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'"

Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204 (quoting Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)))(alteration in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., but not in Olsen v. Mapes).

Here, Varela is no longer in custody at his address of record. He has not filed a six-month inmate account statement or provide an updated address, as the Cure Order, 28 U.S.C. § 1915(a)(2), and rule 83.6 require. In light of these shortcomings, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, however, the dismissal will be without prejudice. The Court also will deny Plaintiff's IFP Application, which is now moot.

**IT IS ORDERED** that: (i) the Civil Complaint, filed January 17, 2023 (Doc. 1), is dismissed without prejudice; (ii) the Application for Free Process and Affidavit of Indigency, filed January 17, 2023 (Doc. 2), is denied as moot; and (iii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Fernando Varela
Albuquerque, New Mexico

    *Plaintiff pro se*